UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE SUBPOENA TO TESTIFY IN THE LOUISIANA ATTORNEY DISCIPLINARY BOARD HEARING OF ASHTON R. O'DWYER, JR. | CIVIL ACTION<br><br>No. 2:14-cv-02046-BAJ |

## RULING AND ORDER

Before the Court are various motions related to state court subpoenas issued to two Judges of the U.S. District Court for the Eastern District of Louisiana. (*See* Doc. 3; Doc. 5; Doc. 7). Because the United States has not waived its sovereign immunity in this matter, the subpoenas shall be **QUASHED**. For the same reason, this action shall be **DISMISSED** for lack of subject matter jurisdiction.

### A. BACKGROUND

The Louisiana Attorney Disciplinary Board ("Disciplinary Board") is a "permanent statewide agency" established by the Louisiana Supreme Court, and tasked with the responsibility of "administer[ing]" Louisiana's "lawyer discipline . . . system." *See* La. Sup. Ct. R. XIX, § 2(A); *see also id.* § 11. On August 11, 2014, the Disciplinary Board issued subpoenas "command[ing]" the Honorable Sarah S. Vance and the Honorable Helen G. Berrigan (collectively, "Petitioners")—each active Judges in this Court—to appear at the Twenty-Fourth Judicial District Court, Parish of Jefferson, Louisiana on November 5, 2014. (Doc. 1-3 at p. 1 (Subpoena Issued to Chief Judge Sarah S. Vance); Doc. 1-4 at p. 1 (Subpoena Issued to Judge Helen G. Berrigan)). The subpoenas further informed Petitioners that the

Disciplinary Board sought their testimony regarding their "knowledge of the facts relevant to [formal charges of misconduct]" involving attorney Ashton R. O'Dwyer, Jr. (*Id.*).

Petitioners received the Disciplinary Board subpoenas on August 25, 2014. (Doc. 1 at ¶ IX). Shortly thereafter, on September 8, Petitioners removed the subpoenas to this Court, asserting jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. §§ 1442(a). (Doc. 1 at ¶ III & n.1). On the same day, Petitioners filed a **MOTION FOR RELIEF FROM COMPLIANCE WITH 28 U.S.C. § 1447(b) (Doc. 3),** requesting "relief from the requirement to supply the Court with the [full] Louisiana Attorney Disciplinary Board record," (*id.* at p. 2).

Two days later, on September 10, Petitioners filed their **MOTION TO QUASH SUBPOENAS AND DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. 5)** that is the primary focus of this Order. The Disciplinary Board, through Counsel, responded first by filing a **MOTION TO REMAND (Doc. 7),** and then by filing an opposition to Petitioners' Motion, (Doc. 9).

On September 23, 2014, the Chief Judge of the U.S. Fifth Circuit Court of Appeals assigned this matter to the undersigned "for all further proceedings." (Doc. 10 at p. 1). Oral argument is not necessary.

## B. DISCUSSION

### 1. Petitioners' Motion for Relief from Compliance with 28 U.S.C. § 1447(b) (Doc. 3)

As an initial matter, Petitioners request "relief from compliance with 28 U.S.C. § 1447(b)," (Doc. 3 at p. 1), which—supplemented by Local Rule 3.2—requires a "moving defendant [to] file, within 14 days of removal: (a) A list of all parties remaining in the action; (b) Copies of all pleadings, including answers, filed in state court; and (c) Copies of the return of service of process filed in state court on those parties." *See* 28 U.S.C. § 1447(b); E.D. La. LR3.2.

Petitioners' request is granted. Standing alone, § 1447(b) provides merely that a District Court "*may* require the removing party to file with its clerk copies of all records and proceedings in such State court," 28 U.S.C. § 1447(b) (emphasis added); it is only Local Rule 3.2 that makes the provision of such materials an imperative, *see* E.D.La. LR3.2. "Local rules have the force of law, as long as they do *not* conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *See Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009) (emphasis added, quotation marks omitted). Thus, to the extent that Local Rule 3.2 conflicts with § 1447(b), the federal rule trumps. *Id.*

In any event, the Local Rules implicitly allow for situations when compliance with a rule may be excused upon request of a party. *See* E.D.La. LR83.2.8. Where, as here, Petitioners have supplied the portions of the state court record necessary to resolve the issues in dispute—specifically, the state court subpoenas issued to Judge

3

Vance and Judge Berrigan, *cf. State of La. v. Sparks*, 978 F.2d 226, 229 (5th Cir. 1992) (instructing that in cases involving state court subpoenas issued to federal officers, "[r]emoval [is] limited to the state court proceedings relating to [the] subpoenas")—it is entirely appropriate to excuse Petitioners from supplying additional information not relevant to the Court's inquiry, but otherwise required by Local Rule.

### 2. The Disciplinary Board's Motion to Remand (Doc. 7)

Next, the Disciplinary Board urges the Court to "remand this case back to [state court] . . . . because the removal, pursuant to 28 USC [sic] § 1442(a)(3) is premature at this point in the litigation." (Doc. 7 at p. 1). More specifically, the Disciplinary Board asserts that the issuance of a subpoena to a federal officer is, of itself, insufficient to trigger jurisdiction under 28 U.S.C. § 1442(a). (Doc. 7-1 at p. 3). According to the Disciplinary Board, "the appropriate time to invoke federal jurisdiction under §1442(a)[] is the point at which *contempt proceedings* are initiated against the federal [officer] by the state court." (*Id.* (emphasis added)).

The federal officer removal statute, 28 U.S.C. § 1442, provides, in pertinent part:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> . . .
> **(3)** Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;

4

28 U.S.C. § 1442(a)(3). Thus, to invoke the federal officer removal statute, Petitioners must show: (1) they are "officer[s] of the courts of the United States"; (2) the proceedings against them involve actions taken "under color of office or in the performance of [their] duties"; and (3) they have "averred a colorable federal defense." *See* 28 U.S.C. § 1442(a)(3); *Bell v. Thornburg*, 743 F.3d 84, 88 (5th Cir. 2014).

The Court has little trouble determining that these criteria are met. It goes without saying that Judge Vance and Judge Berrigan are each "judicial officers of the United States." *Shurtleff v. United States*, 189 U.S. 311, 316 (1903). Likewise, the subpoenas at issue are directly related to performance of their official duties—specifically, the initiation of attorney disciplinary proceedings against Mr. O'Dwyer in the Eastern District of Louisiana, (*see* Doc. 7-2 at p. 1 (Affidavit of Mark Dumaine)). Finally, Petitioners have asserted sovereign immunity in response to the subpoenas—that is, they have each "averred a colorable federal defense." *Bell*, 743 F.3d at 87. Accordingly, Petitioners properly removed the state court subpoenas to this Court, pursuant to § 1442(a)(3).[1]

---

[1] Alternatively, Petitioners invoke the Court's jurisdiction under 28 U.S.C. § 1442(a)(1), which allows for removal of any "civil action or criminal prosecution that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof or any officer . . . of the United States for or relating to any act under color of such office." (Doc. 1 at ¶ III n.1). Although, for reasons explained above, the Court determines that removal is appropriate pursuant to § 1442(a)(3), the Court is equally satisfied that removal would also be appropriate pursuant to § 1442(a)(1), given that (1) Petitioners are judicial officers of the United States, (2) the subpoenas are related to their official duties, and (3) Petitioners raise a sovereign immunity defense. *See Bell*, 743 F.3d at 87.

The Disciplinary Board's objection that removal is "premature" because the state has not yet initiated contempt proceedings against Petitioners is meritless. (Doc. 7 at p. 1). Indeed, it is flatly contradicted by Circuit precedent, which instructs that—due to "a peculiarity of Louisiana law, which provides for no meaningful delay between a party or witness' refusal to comply with a subpoena and the state court's right to hold the party or witness in contempt"—"the *mere issuance* of a Louisiana state court subpoena to a federal officer triggers § 1442(a)." *Sparks*, 978 F.2d at 232–33 (emphasis added). Accordingly, the Disciplinary Board's Motion to Remand is denied.

### 3. Petitioners' Motion to Quash Subpoenas and Dismiss Case for Lack of Subject Matter Jurisdiction (Doc. 5)

Having dispensed with preliminary matters, the Court takes up Petitioners' request to quash the removed subpoenas, and to dismiss these proceedings for lack of subject matter jurisdiction. Petitioners assert that such relief is required "because the United States has not waived its sovereign immunity to subject itself and its officers of the courts . . . to state court subpoenas." (Doc. 5-1 at p. 1).

Neither the United States, nor its officers acting in their official capacities, may be sued absent a waiver of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (citations omitted)); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) (instructing that "the real party in interest in an

official-capacity suit is the governmental entity and not the named official," and, thus, the "immunities available to the defendant in an official-capacity action are those that the governmental entity possesses"). Stated differently, waiver of sovereign immunity is a jurisdictional prerequisite, and the Court lacks subject matter jurisdiction over a suit against the United States and its officers if sovereign immunity is not waived. *See Sherwood*, 312 U.S. at 586; *Sparks*, 978 F.2d at 235. Such waiver cannot be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). Further, the burden of establishing a waiver of sovereign immunity rests with the party attempting to sue the United States. *See Taylor–Callahan–Coleman Counties Dist. Adult Prob. Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991).

Here again, the applicable law is decidedly in Petitioners' favor. As explained above, Petitioners are "judicial officers of the United States," *Shurtleff*, 189 U.S. at 316, that have been subpoenaed to testify regarding actions taken in their official capacities as U.S. District Judges. Accordingly, Petitioners are entitled to invoke all defenses available to the United States, including sovereign immunity. *Hafer*, 502 U.S. at 25. Further, the Fifth Circuit has consistently admonished that sovereign immunity prevents the enforcement of a subpoena against the United States, absent an express waiver. *See Sparks*, 978 F.2d at 235 ("[M]yriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have held that the sovereign immunity doctrine bars enforcement of

the subpoena."); *see also Louisiana v. Scire*, 15 F.3d 1078, 1994 WL 35595, at *2 (5th Cir. 1994) (unpublished but persuasive) (same). Thus, because Petitioners have expressly invoked sovereign immunity, and because the Disciplinary Board has failed to identify an express waiver of sovereign immunity in this instance, "the subpoenas [must] be quashed and this case [must] be dismissed on sovereign immunity grounds." *See Sparks*, 978 F.2d at 236.[2]

C. CONCLUSION

Accordingly,

IT IS ORDERED that Petitioner's **MOTION FOR RELIEF FROM COMPLIANCE WITH 28 U.S.C. § 1447(b) (Doc. 3)** is GRANTED.

IT IS FURTHER ORDERED that the Disciplinary Board's **MOTION TO REMAND (Doc. 7)** is DENIED.

IT IS FURTHER ORDERED that Petitioners' **MOTION TO QUASH SUBPOENAS AND DISMISS CASE FOR LACK OF SUBJECT MATTER**

---

[2] The Court pauses briefly to note that even if it were *not* the case that sovereign immunity acted to bar enforcement of the Disciplinary Board subpoenas, the same result would likely be reached through application of the U.S. Courts Guide to Judiciary Policy, which: (1) reserves the issue of whether to respond to "a request for testimony" directed at a federal district judge to the "district judge . . . *herself*," and (2) directs the district judge to consider—in determining whether to comply with the request—(i) the need to conserve federal judicial resources; (ii) whether such testimony would disclose information regarding the decisional or deliberative process; *and* (iii) whether the request seeks testimony available from other sources. *See U.S. Courts Guide to Judiciary Policy*, Vol. 20, Ch. 8 at §§ 840(b)(1) (emphasis added), 850(a)(1), (10), (13). With regard to the subpoenas at issue here, *any* matter involving the underlying attorney disciplinary proceedings against Mr. O'Dwyer in the Eastern District of Louisiana to which Judge Vance and Judge Berrigan would be *permitted* to testify is almost *certainly* available in the public record related to those proceedings. Quite simply, it would waste valuable judicial resources for two U.S. District Judges to comply with subpoenas for testimony when evidence of the same is readily available through other channels. The Court is hard-pressed to imagine a situation when a federal judge would submit to such a request, given the considerations enumerated in the Guide to Judiciary Policy. *See id.*

JURISDICTION (Doc. 5) is **GRANTED**. The subpoenas issued to the Honorable Sarah S. Vance and the Honorable Helen G. Berrigan by the Louisiana Attorney Disciplinary Board on August 11, 2014 are hereby **QUASHED**.

This matter is **DISMISSED**.

Baton Rouge, Louisiana, this 26th day of September, 2014.

_____
**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**